UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOANNE SANTORA,

                      Plaintiff,

      -against-

COSTCO WHOLESALE CORPORATION,

                      Defendant.
-------------------------------------------------------------------x

17-CV-4415 (CS)

**OPINION AND ORDER**

Appearances:

Courtney Campbell
Sobo & Sobo, LLP
Middletown, New York
*Counsel for Plaintiff*

Sal F. Deluca
Simmons Jannace Deluca, LLP
Hauppauge, New York
*Counsel for Defendant*

Seibel, J.

      Before the Court is the Motion for Summary Judgment of Defendant Costco Wholesale Corporation ("Costco"). (Doc. 29.) For the following reasons, Defendant's motion is GRANTED.

## I.    BACKGROUND

      The following facts are taken from the parties' Local Rule 56.1 Statements and supporting materials and are undisputed unless otherwise noted.

### A.    **Facts**

      On July 31, 2016, Plaintiff was at the Costco located at 1 Westchester Avenue in Port Chester, New York, when she slipped and fell. (Doc. 31 ("D's 56.1 Stmt.") ¶¶ 1, 22.) The warehouse opened to its members between 9:45 a.m. and 10:00 a.m. (*Id.* ¶ 5.) The accident took

1

place at approximately 11:00 a.m. in Aisle 204, which is located near the front of the warehouse. (*Id.* ¶¶ 2-3.) Aisle 204 has two entrance points: one from the main aisle and one from the opposite end. (*Id.* ¶ 4.)

It is Costco's policy to have the floors of the warehouse scrubbed and swept every morning before the warehouse opens to the public. (*Id.* ¶ 6.) After the floors are cleaned, a Costco employee walks around the warehouse and inspects every aisle to confirm no unsafe conditions or potential hazards are present before customers are permitted to enter the warehouse. (*Id.* ¶ 7.) On the morning of the Plaintiff's accident, Costco employee Maria Estela Lopez conducted a pre-opening inspection at 9:00 a.m., after the floors were scrubbed and swept, (*id.* ¶¶ 8-9), and completed the inspection at 9:28 a.m., (*id.* ¶ 10). Her inspection revealed that the recently scrubbed and swept floors were clean, clear, and free of hazards. (*Id.*)

Once the store is open, a Costco employee performs a "floor walk" roughly every hour to, among other things, patrol for potentially hazardous conditions in the aisles. (*Id.* ¶ 11.) Costco employees are trained never to leave a liquid spill unattended, (*id.* ¶ 12), and it is Costco's policy that if a spill is discovered the area is to be immediately blocked off and cleaned, (*id.* ¶ 13). If the employee cannot clean it up without assistance, he or she must stay by the spill and call for assistance. (*Id.*) In addition, managers routinely walk the floor during the course of their regular duties. (*Id.* ¶ 14.) David Burns was the Assistant Warehouse Manager on duty during the day of Plaintiff's accident. (*Id.* ¶ 15.) On the morning of July 31, 2016, Burns, during the course of his duties, walked past the entrance to Aisle 204 multiple times before Plaintiff's accident.[1] (*Id.* ¶ 17.)

---

[1] In Plaintiff's 56.1 Response, Plaintiff admitted this fact "insofar as this testimony is provided by affidavit," and added that "this information was not provided until such time, and clearly in preparation for this motion." (Doc. 37 ("P's 56.1 Resp.") ¶ 17.) This response was insufficient to dispute Defendant's allegation. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the

Plaintiff arrived at the Port Chester Costco around 10:45 a.m. with her husband and mother. (*Id.* ¶ 18.) More than 500 people entered the warehouse between the time it opened and the time Plaintiff fell. (*Id.* ¶ 19.) Plaintiff entered Aisle 204 by making a right from the main aisle, (*id.* ¶ 20), and was in the aisle for less than a minute before her accident, (*id.* ¶ 21). Plaintiff slipped and fell on clear liquid near the midpoint of Aisle 204 as she turned around to walk back toward the main aisle entrance. (*Id.* ¶ 22.) Plaintiff passed the spill as she walked down the aisle and only slipped as she turned to leave the aisle. (*Id.* ¶ 24.) The spill was an unbroken trail of clear liquid, approximately four- to six-feet long and one-foot wide, which tapered down to the width of four fingers as it trailed away from the midpoint of the aisle. (*Id.* ¶ 23.) There was no dirt or debris in the spill or surrounding area, (*id.* ¶ 31), and the spill was undisturbed but for a single smear mark, caused by Plaintiff's own foot, (*id.* ¶ 32). The spill was at least one foot from the closest aisle shelving unit. (*Id.* ¶ 33.)

Plaintiff's husband, who witnessed the accident, entered the aisle from the opposite end at around the same time Plaintiff entered. (*Id.* ¶ 26.) Plaintiff's mother did not witness the accident and has no firsthand knowledge about its occurrence or the spill. (*Id.* ¶ 27.) Plaintiff did not see the spill before the accident, (*id.* ¶ 28), and neither did Plaintiff's husband, (*id.* ¶ 29), but Plaintiff would have seen the spill if she had looked down at the floor, (*id.* ¶ 25). Neither Plaintiff nor her husband know the composition of the spill. (*Id.* ¶ 30.) Plaintiff does not know

---

record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1). In the event that "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may," among other things, "consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." *Id.* (e)(2), (3). Because Plaintiff did not "cit[e] to particular parts of materials in the record" to dispute the fact, *id.* (c)(1)(a), the Court considers it undisputed. Further, it is no surprise that Burns provided this information by affidavit rather than in his deposition, given that the deposition transcript reveals that he was not questioned on the subject. (*See* Doc. 29 Ex. I.) It is likewise unsurprising that material submitted by a party in support of or in opposition to a motion would serve that party's position. Finally, in any event, whether or not Burns walked past the aisle entrance before Plaintiff's fall would not change the outcome here.

how the liquid was caused to be on the floor before the accident, (*id.* ¶ 38), and neither does Plaintiff's husband, (*id.* ¶ 39). Neither Plaintiff nor her husband know how long the liquid was on the floor before the accident. (*Id.* ¶¶ 40-41.)

There were no Costco employees in the aisle from the time Plaintiff entered the aisle until the accident. (*Id.* ¶ 34.) After Plaintiff slipped, Burns responded to Aisle 204. (*Id.* ¶ 35.) The spill was visible from the end of the aisle. (*Id.* ¶ 36.) There were no open packages or bottles in the area that could have caused the spill. (*Id.* ¶ 37.) During his last inspection fifteen minutes prior to the accident, Burns observed there was no liquid on the floor.[2] (*Id.* ¶ 42.) There were no prior complaints about the spill, (*id.* ¶ 43), and there were no prior similar incidents, (*id.* ¶ 44).

B. **Procedural History**

On April 6, 2017, Plaintiff filed this action in the New York Supreme Court in Westchester County asserting a negligence claim.[3] (Doc. 1-1.) On June 12, 2017, the case was removed to this Court on diversity grounds. (Doc. 1.) The Defendant answered on June 19, 2017, (Doc. 6), and the parties engaged in discovery. On January 24, 2018, the Defendant filed a letter requesting a pre-motion conference in anticipation of its motion for summary judgment. (Doc. 17.) Plaintiff responded on February 5, 2018, (Doc. 19), and a pre-motion conference was held on February 8, 2018, (Minute Entry dated Feb. 8, 2018). On May 18, 2018, the parties filed their bundled motion papers in connection with the instant motion. (Docs. 29-32; 36-40.)

---

[2] Plaintiff admits only that Burns made this statement in his affidavit and argues that the credibility of the statement must be questioned because it is "self-serving and the first time any such statement was made." (P's 56.1 Resp. ¶ 42.) For reasons discussed in note 1, *supra*, the Court considers this fact undisputed as well, and it likewise ultimately does not affect the outcome.

[3] The complaint is dated February 27, 2017, but the filing date is April 6, 2017. (Doc. 1-1 at 6.)

4

## II.     LEGAL STANDARD

"[T]he issue of what burden a movant for summary judgment bears when the ultimate burden of proof lies with the non-movant is procedural rather than substantive, under the distinction created by *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) and its progeny, and accordingly is subject to federal rather than state law." *Tingling v. Great Atl. & Pac. Tea Co.*, No. 02-CV-4196, 2003 WL 22973452, at *2 (S.D.N.Y. Dec. 17, 2003). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* On a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The movant bears the initial burden of demonstrating "the absence of a genuine issue of material fact," and, if satisfied, the burden then shifts to the non-movant to "present evidence sufficient to satisfy every element of the claim." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252. Moreover, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and he "may not rely on conclusory allegations or unsubstantiated

speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (internal quotation marks omitted).

## III. DISCUSSION

Under New York law, a plaintiff asserting a negligence claim must demonstrate "(1) a duty owed by the defendant to the plaintiff; (2) a breach thereof; and (3) injury proximately resulting therefrom." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) (internal quotation marks omitted). In the context of premises liability and slip and fall cases, "the plaintiff must demonstrate that the landowner created the condition that caused the injury, or that the landowner had actual or constructive notice of the condition." *Gonzalez v. Wal-Mart Stores, Inc.*, 299 F. Supp. 2d 188, 192 (S.D.N.Y. 2004); *see Gorecki v. Painted Pony Championship Rodeo, Inc.*, 6 F. App'x 103, 105 (2d Cir. 2001) (summary order) (proving breach of duty requires showing existence of dangerous condition and that defendant either created it or had actual or constructive notice of it). While in New York state court the Defendant would have to demonstrate that it neither created the condition nor had notice of it, in federal court the Defendant, as the moving party, may point to the absence of evidence that it caused or had notice of the hazard and thereby shift the burden to the Plaintiff to create an issue for trial through specific factual assertions. *Doona v. OneSource Holdings, Inc.*, 680 F. Supp. 2d 394, 400-01 (E.D.N.Y. 2010). In other words, in federal court the absence of evidence at the summary judgment stage redounds to the detriment of the plaintiff, not the defendant.

Plaintiff does not argue that Defendant either created the dangerous condition or had actual notice of it. (Doc. 38 ("P's Opp.") at 2 & n.1.) "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it . . . ." *Gordon v. Am.*

6

*Museum of Nat. History*, 492 N.E.2d 774, 775 (N.Y. 1986). "[I]n cases where the plaintiff is unable to establish how long the condition causing the accident existed prior to the accident, courts have entered summary judgment in favor of the defendant." *Stephanides v. BJ's Wholesale Club, Inc.*, No. 12-CV-83, 2013 WL 1694901, at *5 (E.D.N.Y. Apr. 18, 2013) (collecting cases).

Defendant has pointed to the absence of evidence that it had constructive notice of the dangerous condition, thereby shifting the burden to Plaintiff to create an issue for trial through specific factual assertions. (D's Mem. at 4-9.) There is no evidence as to how long before Plaintiff's fall the substance on which she slipped on had been on the floor or whether the condition was visible and apparent to anyone. Plaintiff did not point to anything in the record that suggests that anyone in the store observed the spill prior to the accident. Plaintiff did not see the spill before the accident (D's 56.1 Stmt. ¶ 28), and neither did Plaintiff's husband, (*id.* ¶ 29), or Plaintiff's mother, (*id.* ¶ 27). Neither Plaintiff nor her husband know how the liquid was caused to be on the floor before the accident. (*Id.* ¶¶ 38-39.) And neither Plaintiff nor her husband know how long the liquid was on the floor before the accident. (*Id.* ¶¶ 40-41.) Despite more than 500 customers entering the store between the time it opened and Plaintiff's accident, (*id.* ¶ 19), there were no complaints or prior incidents related to this particular spill, (*id.* ¶ 43), the spill was undisturbed except for Plaintiff's footprint, (*id.* ¶ 32), and there was no dirt or debris in the spill, (*id.* ¶ 31).[4] Plaintiff likewise cannot point to anything in the record to show that Costco failed to follow its protocol in detecting and cleaning up spills. Because Plaintiff proffers no evidence showing that the liquid on the floor was visible or apparent for a sufficient time before

---

[4] Given the volume of traffic in the store, the spill would have been smeared or contained dirt or debris had it been there an appreciable amount of time. *See Rodriguez v. Wal-Mart Stores E., LP*, No. 16-CV-2603, 2017 WL 4045745, at *5 (S.D.N.Y. Sept. 11, 2017) (collecting cases).

the fall, Plaintiff has failed to meet her burden of presenting facts from which a jury could conclude that Defendant had constructive notice of the dangerous condition. *See Gonzalez v. Kmart Inc.*, No. 13-CV-5910, 2016 WL 3198275, at *4 (E.D.N.Y. June 8, 2016) (summary judgment warranted where record devoid of evidence that would permit jury to determine how long liquid had been present); *Quarles v. Columbia Sussex Corp.*, 997 F. Supp. 327, 332 (E.D.N.Y. 1998) (plaintiff's failure to offer evidence as to when the liquid was spilled "is fatal to her claim of constructive notice").[5]

Plaintiff's reliance on *Urrutia v. Target Corp.*, 681 F. App'x 102 (2d Cir. 2017) (summary order) is not only misplaced but misleading. In *Urrutia*, the plaintiff testified that shortly after entering a Target store, she saw an area of clear liquid on the floor, mentioned the liquid to her son without telling any Target employees, and then, forty-five minutes later, slipped in the same place she had observed the liquid. *Id.* at 103. In vacating the district court's grant of summary judgment, the panel held that because the plaintiff "saw clear liquid on the floor approximately forty-five minutes before she fell, and . . . slipped in clear liquid in the same spot, a jury could reasonably conclude that the clear liquid was visible and apparent." *Id.* at 104.

---

[5] Any other result would invite speculation. *See Aggrey v. Stop & Shop Supermarket Co.*, No. 00-CV-7999, 2002 WL 432388, at *4 (S.D.N.Y. Mar. 19, 2002) (granting summary judgment for defendant where although plaintiff "contends that she was on the cashier's line for thirty minutes, during which time she saw no customer purchasing grapes, the undisputed evidence shows that there were several open cashier stations and that several customers left the store while she was waiting in line. Any one of those customers could have dropped one or more grapes in the exit aisle. Accordingly, there is no way to determine, or even infer, when the offending grape(s) came to be on the floor. In the absence of any circumstances suggesting that the grape(s) had been on the floor for an extended period, the Court would consequently be required to engage in sheer speculation to find the constructive notice element met in this case"); *Gordon*, 492 N.E.2d at 775 ("The record contains no evidence that anyone, including plaintiff, observed the [paper on which plaintiff slipped] prior to the accident. Nor did he describe the paper as being dirty or worn, which would have provided some indication that it had been present for some period of time. Thus, on the evidence presented, the piece of paper that caused plaintiff's fall could have been deposited there only minutes or seconds before the accident and any other conclusion would be pure speculation.") (citation omitted); *Rojas v. Supermarkets Gen. Corp.*, 656 N.Y.S.2d 346, 348 (App. Div. 1997) ("[T]he evidence was just as consistent with a finding that someone dropped the grapes and crushed them while pushing a shopping cart through the aisle shortly before the plaintiff fell. Thus, any finding that the grapes had been on the floor for any appreciable period of time would be mere speculation. Accordingly, the defendant was entitled to judgment as a matter of law.") (internal quotation marks and citation omitted).

Here, there is no evidence that anyone, including Plaintiff, observed the spill before Plaintiff slipped. And there is no evidence that it was present for any particular or appreciable period. Therefore, Plaintiff's reliance on *Urrutia* is unavailing.

Plaintiff also cites *Torres v. United States*, No. 09-CV-5092, 2010 WL 5422547 (S.D.N.Y. Dec. 23, 2010), but that case is also unhelpful. Although the *Torres* plaintiff survived the government's first motion for summary judgment – because it appeared that the area where she slipped on a melted sticky substance had not been inspected for hours, *see id.* at *4 – the court granted the government's renewed motion for summary judgment following additional discovery, *see Torres v. United States*, No. 09-CV-5092, 2011 WL 1432035, at *4 (S.D.N.Y. Apr. 11, 2011). Because the renewed motion showed that the area where the accident occurred was inspected approximately twenty minutes before the accident occurred and there was no substance visible at the time of the inspection, the condition of the substance (which suggested the spill was not recent) was insufficient to show that the government had constructive notice of the defect under New York law. *See id.* at *3-4 (collecting cases). Here, the record contains neither any basis to conclude that Costco did not follow its inspection procedures nor any reason to conclude the spill was not recent. To the contrary, the spill being undisturbed suggests it was fresh.

Finally, Plaintiff cites to *Williams v. KFC National Management Co.*, 391 F.3d 411 (2d Cir. 2004), which involved grease outside of a fast-food restaurant, for the proposition that "'it is enough that a plaintiff shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred.'" (P's Opp. at 5 (quoting *Williams*, 391 F.3d at 421).) But *Williams* is inapposite here because it is not a case about constructive notice. Instead, *Williams* is, in large part, a case about the amount of

9

circumstantial evidence a plaintiff must present to establish a reasonable probability that the accident was caused by the defendant's negligence and not by some other possible cause. *Id.* at 420-22. The Second Circuit concluded that the plaintiff had presented sufficient circumstantial evidence to render the probability that someone other than the defendant was responsible for the dangerous condition "sufficiently remote or technical" in comparison to the explanation that plaintiff had offered. *Id.* at 422 (internal quotation marks omitted). That fact pattern has no application here because Plaintiff has not alleged that the Defendant caused the dangerous condition to exist but rather that the Defendant had constructive notice of a dangerous condition – the cause of which remains unknown – and failed to remedy it. That circumstantial evidence can support a finding that a defendant caused a dangerous condition does not help Plaintiff solve her problem here: the absence of evidence – direct or circumstantial – that the dangerous condition was apparent for a sufficient period to give rise to constructive notice. *See Gonzalez*, 2016 WL 3198275, at *4 (summary judgment appropriate where plaintiff fails to provide evidence that dangerous condition present for some time before accident) (collecting cases).

"Under *Celotex*, the burden on the moving party may be discharged by showing . . . that there is an absence of evidence to support the nonmoving party's case. Because [D]efendant has done so here," and Plaintiff has not in response presented evidence raising genuine issues of material fact, summary judgment is granted. *Tingling*, 2003 WL 22973452, at *2 (citation and internal quotation marks omitted).

## IV. CONCLUSION

For the reasons discussed aove, Defendant's Motion for Summary Judgment, (Doc. 29), is GRANTED. The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 29), enter judgment for Defendant, and close the case.

**SO ORDERED.**

Dated: November 8, 2018
      White Plains, New York

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.